**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT O. DINKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00399-JAR |
| | ) | |
| STATE OF MO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on the motion of plaintiff Robert O. Dinkins for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2), stating that prison officials will not provide him an "account print out." (Docket No. 2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

2

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Atlanta, Georgia. He has filed a complaint that is titled "Totality – Human Rights Violation Action [and] Habeas Corpus." (Docket No. 1 at 1). The complaint is handwritten and not on a Court-provided form. Though plaintiff mentions habeas corpus,[1] he purports to bring this action under the Federal Tort Claims Act (FTCA), Title II of the Americans with Disabilities Act

---

[1] Just a month after filing the instant action on April 5, 2021, plaintiff submitted a document titled "Motion of 18 U.S.C. § 3742 Consideration Pursuant to Federal Habeas Corpus," in which he stated that he was "appealing his sentence" due to various constitutional violations. This action was filed in his criminal case, later docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and dismissed as successive. *See Dinkins v. United States*, No. 4:21-cv-517-ERW (E.D. Mo. May 5, 2021). Because the instant case is styled as a complaint and appears to allege civil rights violations, it has not been construed as a habeas action.

3

(ADA), 28 U.S.C. §§ 241-242, negligence, and "comparative tort." Plaintiff names the following defendants: the State of Missouri, the Federal Bureau of Prisons, "judge," and "attorney."

With regard to a "Statement of Claim," plaintiff asserts that he has filed this complaint because his "attorney is unethical, ineffective," and deliberately failed to timely draft a supplemental compassionate release motion to support a motion plaintiff had previously filed.[2] (Docket No. 1 at 2). He further states that the attorney did not incorporate and submit medical records to the judge, failed to adequately communicate with him, failed to ensure that "calls" from family and friends were "accepted for evidence and testimony purposes," and for unspecified delays. Based on this, plaintiff alleges that his attorney subjected him to cruel and unusual punishment, "excessive confinement," negligent medical treatment, and discrimination, in violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

As to the judge, plaintiff again asserts violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as negligence. (Docket No. 1 at 3). In particular, plaintiff states that he is "at risk of catching[,] dying [and] suffering from COVID-19." (Docket No. 1 at 2). Instead of ruling on plaintiff's compassionate release motion, however, plaintiff states that the judge "appointed [him] a[n] unethical attorney" who failed to meet appropriate standards and had "a history of fraud." (Docket No. 1 at 2-3).

Though he does not name it as a defendant, plaintiff accuses the United States Court of Appeals for the Eighth Circuit of "deliberately overlooking [and] covering up" prior claims that he has made. Those claims include compassionate release, bias, due process, "*Rehaif*,"[3] and his

---

[2] The Court notes that plaintiff's attorney filed a supplemental motion for relief under the First Step Act on April 20, 2021. *United States v. Dinkins*, No. 4:15-cr-314-ERW (E.D. Mo.). Both plaintiff's original motion and the supplemental motion were denied on July 29, 2021.
[3] Plaintiff appears to be referring to the United States Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

allegations against the Missouri Secretary of State and the St. Louis Police Department. (Docket No. 1 at 3).

With regard to the Federal Bureau of Prisons, plaintiff contends that it has failed to respond to plaintiff's compassionate release motions, and has generally failed to discuss the "reasonable accommodation of medical release," in violation of the ADA. (Docket No. 1 at 4). In particular, plaintiff complains that he has been refused the Johnson & Johnson vaccine and denied access to "herbal treatment per [his] religion." Mainly, though, he appears to rest his claim on the fact that he has not been released from custody.

Based on these allegations, plaintiff asks the Court to review his prior compassionate release and *Rehaif* claims, appoint a new lawyer, and hold a hearing. (Docket No. 1 at 5).

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action against the State of Missouri, the Federal Bureau of Prisons, his trial judge, and his attorney. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, this case will be dismissed without prejudice.

**A. FTCA**

Plaintiff asserts that his case arises in part under the FTCA. The FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). The FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for

harm cause by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). Pursuant to statute:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Complete exhaustion of administrative remedies is required before the judicial process is invoked. *McNeil*, 508 U.S. at 112. Exhaustion of administrative remedies is a jurisdictional prerequisite. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). That is, before bringing an action against the United States, a claimant must present his or her claim to the appropriate federal agency, and the agency must make a final decision. *Bohac v. Walsh*, 386 F.3d 859, 861 (8th Cir. 2004). Failure to comply with the exhaustion requirement will result in the dismissal of the suit for lack of subject-matter jurisdiction. *See Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (concluding "that conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity"). *See also Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (stating that "[a] federal district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency").

Here, plaintiff has provided no indication that he has presented his claims to the appropriate federal agencies, or that the agencies made a final decision. In other words, he has not demonstrated exhaustion, which is a jurisdictional prerequisite for a claim under the FTCA. Thus, his FTCA claims must be dismissed for lack of jurisdiction. Furthermore, plaintiff has not properly alleged facts showing that an employee of the federal government caused him an injury by a negligent or wrongful act or omission, under circumstances where the United States, if a private

person, would be liable. To the contrary, plaintiff's vague and conclusory allegations chiefly concern judicial rulings – specifically the denial of a motion for compassionate release – not tortious conduct. For this reason, as well, plaintiff's claims under the FTCA must be dismissed.

### B. Title II of the ADA

Plaintiff also asserts a claim under Title II of the ADA. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Power v. Univ. of North Dakota Sch. of Law*, 954 F.3d 1047, 1052 (8th Cir. 2020) (quoting 42 U.S.C. § 12132). Pursuant to statute, "public entity" is defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation." 42 U.S.C. § 12131. To state a prima facie ADA claim, a plaintiff is required to demonstrate that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999).

Here, plaintiff has not presented facts demonstrating any of these elements. First, save for a passing reference to an "underlying medical condition," he has not identified his disability, or shown that he is a "qualified individual with a disability" under the statute. Second, plaintiff has not shown that he was qualified for the benefit in question, which in this case appears to be release from prison. Finally, he has not established that the decision not to release him from prison on compassionate release grounds was based on any type of discrimination, much less disability-

based discrimination. For all these reasons, plaintiff has failed to state a claim under Title II of the ADA.

### C. *Bivens* Claim

Aside from the FTCA and the ADA, plaintiff asserts claims under 28 U.S.C. §§ 241-242, which is apparently a reference to 18 U.S.C. § 241[4] and 18 U.S.C. § 242.[5] Both § 241 and § 242 are federal criminal statutes, and neither provide a private right of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242, and that the "statutes do not give rise to a civil action for damages"); and *Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action).

Based on the contents of 18 U.S.C. §§ 241-242, however, the Court has construed these claims as an attempt to bring a *Bivens*[6] action. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). "An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens*

---

[4] 18 U.S.C. § 241 is a criminal statute titled: "Conspiracy against rights."
[5] 18 U.S.C. § 242 is a criminal statute titled: "Deprivation of rights under color of law."
[6] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389 (1971).

and claims under § 1983 involve the same analysis. *Solomon*, 795 F.3d at 789 n.7. Furthermore, the body of case law regarding § 1983 applies to *Bivens* actions. *Id.*

In this case, plaintiff appears to be asserting that both his attorney and judge violated his constitutional rights due to actions taken in his federal criminal case. Specifically, plaintiff suggests that his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments have been violated because he has not been given compassionate release from prison.

### i.   *Bivens* Claim Against Attorney

Plaintiff has alleged that his defense attorney was ineffective in handling his motion for compassionate release. However, a defense attorney is not suable under 42 U.S.C. § 1983 which – as noted above – is almost identical to a *Bivens* action.

"The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). Moreover, as relevant here, "attorneys are not transformed into federal officials for purposes of a *Bivens* action merely because

they are appointed by a federal court pursuant to federal law." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990).

Because plaintiff has not shown that his defense attorney acted under color of law, he has not stated a claim under *Bivens*. Therefore, the claim against plaintiff's defense attorney must be dismissed.

### ii.    *Bivens* Claim Against Judge

Plaintiff has sued the judge who presided over his federal criminal trial, alleging improper handling of his motion for compassionate release. Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th

10

Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In this case, plaintiff has presented no allegations to show that his trial judge took a non-judicial action or acted in the complete absence of jurisdiction. Rather, plaintiff appears to take issue with the lack of a favorable result from the motion for compassionate release that he filed. Judicial immunity is meant to protect judges from this kind of suit. In other words, judicial immunity protects a judge when making decisions during a case, even if his or her decisions were malicious, corrupt, or erroneous. For these reasons, plaintiff's claim against his trial judge must be dismissed.

### D.  Negligence and "Comparative Tort"

Finally, plaintiff attempts set forth claims of negligence and "comparative tort." As to negligence, plaintiff has not demonstrated that the Court has federal question jurisdiction to hear this claim. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015 (explaining that federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States"). That is, negligence does not give rise to a constitutional violation under either the Eighth or Fourteenth Amendments.

11

*See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472 (2015) (stating that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (stating that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); and *Standish v. Bommel*, 82 F.3d 190, 191 (8th Cir. 1996) (stating that "mere negligence does not violate the Eighth Amendment"). Regardless of jurisdiction, plaintiff has presented no facts demonstrating the elements of a negligence action, such as the existence of a duty, and a subsequent breach. Rather, he relies entirely on unsupported legal conclusions, which the Court is not required to accept as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Likewise, as noted in the section on the FTCA, plaintiff has presented no factual allegations regarding tortious conduct. It is not enough for plaintiff to assert that a tort was committed. Instead, he must present some factual support for this proposition. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). He has not done so. Therefore, his claim of "comparative tort" must be dismissed.

**E.  Claim Against the State of Missouri**

Plaintiff has named the State of Missouri as a defendant. Any claim against the state, however, is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-

consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

First, plaintiff points to no statutory abrogation of sovereign immunity. To the extent that this claim can be construed as arising under 42 U.S.C. § 1983, the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court.

*See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not waived its immunity in this type of civil action. *See* Mo. Rev. Stat. § 537.600 (asserting the state's sovereign immunity, and providing exceptions).

As discussed above, sovereign immunity bars suit against a state for any type of relief. Furthermore, plaintiff has not demonstrated that either of the two exceptions to sovereign immunity applies to him. Therefore, the claim against the State of Missouri must be dismissed.

## F. Claim Against the Federal Bureau of Prisons

Plaintiff has identified the Federal Bureau of Prisons as a defendant, broadly alleging that it has failed to respond to his compassionate release motion, failed to give him the Johnson & Johnson vaccine, and denied him access to "herbal treatment." Like the claim against the State of Missouri, this one is also barred by the doctrine of sovereign immunity.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527

14

U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

As discussed above, plaintiff asserts that his claims arise in part under the FTCA. The FTCA removes the sovereign immunity of the United States from suits in tort. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). Nevertheless, as discussed above, plaintiff's allegations do not establish that the FTCA is applicable in this case. As such, it does not provide a waiver to immunity. Because plaintiff provides no other basis upon which sovereign immunity has been expressly waived, his claim against the Federal Bureau of Prisons must be dismissed.

Even if the Federal Bureau of Prisons was not immune from suit, plaintiff has not stated a claim against it. In order to state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. That is, the complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Torti*, 868 F.3d at 671 ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles*, 280 F.3d at 870. Moreover, "[t]he essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature

15

and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Nothing in the complaint provides any indication that the Federal Bureau of Prisons violated plaintiff's rights or harmed him in any way. Instead of providing factual allegations, plaintiff gives only broad statements, vague assertions, and legal conclusions regarding the handling of his compassionate release motion, vaccinations, and herbal remedies. Plaintiff's allegations, such as they are, do not raise a right to relief above the speculative level. For this reason as well, the claim against the Federal Bureau of Prisons must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of August, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE